IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LEON NEWBERRY,**
  Petitioner,

v.                                              Case No.  3:10cv420/LAC/MD

**KENNETH S. TUCKER,**[1]
  Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a response contending the petition fails for lack of exhaustion (doc. 15).[2]  The court ordered petitioner to reply, if at all, by July 21, 2011 (doc. 19). To date, petitioner has not replied.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner did not exhaust the remedies available to him in state court and is barred from obtaining relief in this court. Therefore, the petition should be dismissed.

---

[1]  Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as the respondent.

[2]  Respondent also argues grounds two and three of the petitioner are not cognizable on habeas review.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner, Leon Newberry, was indicted by grand jury in the Circuit Court of Escambia County, Florida, for first degree premeditated murder in violation of Sections 782.04 and 775.087, Florida Statutes (2005) (doc. 17, ex. B, p. 1).[3] The indictment stated Mr. Newberry killed Carolyn Ann Wheeler by shooting her with a shotgun (*id.*). Mr. Newberry was tried by jury and adjudicated guilty of the lesser-included crime of second degree murder on August 16, 2007 (ex. B, p. 177) (case no. 06-0687). The court sentenced him to a term of life imprisonment without parole with 556 days of credit time (ex. B, p. 182).

Mr. Newberry appealed the conviction and sentence to the First District Court of Appeal ("First DCA") (ex. B, p. 185). He raised one issue on appeal: insufficiency of the evidence to support a conviction for second degree murder (ex. D). On September 24, 2008, the First DCA *per curium* affirmed the conviction and sentence without written opinion. *Newberry v. State of Florida*, 990 So.2d 1066 (Fla. 1st DCA 2008) (Table) (copy at ex. G).

On March 18, 2009, Mr. Newberry filed a *pro se* motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which he subsequently amended (ex. H, p. 1, 9, 22, ). The amended petition raised four grounds for relief: 1) ineffective assistance of trial counsel for failing to object to improperly given "excusable homicide" instruction; 2) trial court fundamental error in giving the standard jury instruction for "manslaughter by act"; 3) ineffective assistance of trial counsel for failing to object to the manslaughter jury instruction; and 4) cumulative error (ex. H, pp. 22-30). The Rule 3.850 court ordered the State to

---

[3] Hereafter all references to exhibits will be to doc. 17 unless otherwise noted.

respond to grounds two and three (ex. H, p. 31). The Rule 3.850 court denied relief in a written order entered on November 16, 2009 (ex. H, p. 47).

Mr. Newberry appealed the decision to the First DCA (ex. I). He raised one issue: "the trial court erred in denying claim one of appellant's 3.850 motion by cherry-picking portions of trial record and argument of motion to frame conclusion." (Ex. I, p. 8). The State did not file an answer (ex. J). On February 26, 2010, the First DCA *per curiam* affirmed the Rule 3.850 court's decision without written opinion. *Newberry v. State of Florida*, 32 So.3d 626 (Fla. 1st DCA 2010) (Table) (copy at ex. K). The court denied Mr. Newberry's motion for rehearing (exs. L, M). The mandate issued on April 22, 2010 (ex. N).

Mr. Newberry filed the instant petition for federal habeas corpus on October 22, 2010 (doc. 1). Respondent has not expressly waived the exhaustion requirement. *See* 28 U.S.C. § 2254(c).

## DISCUSSION

Title 28 U.S.C. § 2254(b)(1) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In order to properly exhaust state remedies,

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (per curiam); 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right). *But see* § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies). Generally, failure to exhaust state court remedies is grounds for dismissal of the petition. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992).

To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365-66, 115 S. Ct. at 888; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (same). "Fair presentation" requires that, in each claim for relief, the petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle the petitioner to relief. *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971). The petitioner must present the same facts and claims in state court about which he petitions the federal court. *Id.* (claims must be more than "somewhat similar"; *see Duncan*, 513 U.S. at 366, 115 S. Ct. at 888 (petitioner must apprise the state court that he claims violation of a federal constitutional right).

Furthermore, the petitioner must differentiate a claim under the United States Constitution from one under a state constitution. *McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record") (internal citations omitted)). If state and federal constitutional law overlap in their applicability to the petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue. *Duncan*, 513 U.S. at 366, 115 S. Ct. at 888; *see*

also *Anderson*, 459 U.S. at 7 and n.3, 103 S. Ct. at 278 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2557 and n.1, 115 L. Ed. 2d 640 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). When any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question. *Id.* at 735 n.1, 2557 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 1043 n.9, 103 L. Ed. 2d 308 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 375, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 857, 112 L. Ed. 2d 935 (1991). A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement. *Maples v. Allen*, 586 F.3d 879, 888 (11th Cir. 2009) (citing *Lee v. Kemna*, 534 U.S. at 385-88, 122 S. Ct. at 890-92)).

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, the petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice. *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v.*

*Head*, 209 F.3d 1257, 1261 (11th Cir. 2000). Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim, prevented petitioner from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991). To meet the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). Actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case. *Id.*

Ground One of Mr. Newberry's petition contends his counsel should have requested a competency hearing because when he was a child it was recommended he see a psychologist, but his parents could not afford one (doc. 1, p. 4). Ground two alleges his counsel and the trial judge improperly allowed hearsay evidence from a witness that was inconsistent with her deposition testimony and medical expert testimony (doc. 1, p. 4). Ground three states his daughter was under the influence of medication when she testified (doc. 1, p. 5). Presumably, Mr. Newberry argues there is a reasonable likelihood the outcome of the trial would have been different if she had not been allowed to testify. Ground four alleges his counsel should have called additional unspecified witnesses and an expert witness (doc. 1, p. 5). He does not give the substance of the testimony of the witnesses or expert.

Mr. Newberry did not raise these four claims in his direct appeal, original or amended post-conviction motion, or on appeal from denial of his post-conviction motion (*see* exs. D; H, p. 1, 9, 22; I).[4] In fact, his habeas petition indicates that he raises these claims for the first time in federal court because a law clerk advised him

---

[4] Mr. Newberry's initial brief on direct appeal briefly discusses Ms. Wheeler's inconsistent testimony in the context of legal sufficiency of the evidence. He does not argue the statements were improper hearsay statements.

not to raise all claims "at one time." (*See* doc. 1).[5]  Any attempt on Mr. Newberry's part to return to state court to raise the instant claims would be barred as untimely (*see* Rule 3.850(b), Florida Rules of Criminal Procedure), and therefore, Mr. Newberry is deemed to have procedurally defaulted his claims.  His explanation that a law clerk gave him erroneous procedural information is not an external impediment to his filing so as to excuse the default, and he does not claim he is actually innocent of the crime for which he was convicted.

Because it appears from the face of the petition and the state court record that Mr. Newberry failed to pursue these claims in state court, he has not met § 2254(b)(1)(A)'s exhaustion requirement.  It is therefore appropriate to dismiss the present action with prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of

---

[5]  The standard petition form delineates space for a petitioner to state the ground for relief and the facts supporting the ground.  It then states: "Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?" The petitioner must indicate his response by checking "Yes" or "No" and explain either how it was raised or why it was not raised.  For each ground, Mr. Newberry checked "No" and explained that a law clerk informed him not to raise "all issue[s] at one time." (*See* doc. 1).

appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Leon Newberry* in the Circuit Court of Escambia County, Florida, case no. 06-0687, be DISMISSED WITH PREJUDICE and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida, this 5th day of October, 2011.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** ***United States v. Roberts,*** **858 F.2d 698, 701 (11th Cir. 1988).**